IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CASCADIA WILDLANDS; OREGON                 Civ. No. 6:12-cv-01739-AA
WILD; and BENTON FOREST                    OPINION AND ORDER
COALITION,

       Plaintiffs,

  v.

BUREAU OF LAND MANAGEMENT, an
administrative agency of the
United States Department of
Interior,

       Defendant.

_____

Aiken, Chief Judge:

    Proposed Defendant-Intervenor Seneca Sawmill Corporation
(Seneca) moves to intervene in the above-captioned action as a
defendant. Plaintiffs do not oppose Seneca's motion. Defendant
Bureau of Land Management (BLM) takes no position regarding
Seneca's proposed intervention, but it requests that the court

1  - OPINION AND ORDER

place limits on Seneca's involvement if permitted to intervene.

## I. BACKGROUND

Seneca is a family-owned Oregon Corporation headquartered in Eugene and has been designated as the highest bidder for the Rickard Creek timber sale in the Salem BLM District.  The Rickard Creek sale consists of approximately 187 acres.  Pl.'s Compl. ¶ 24.

On September 26, 2012, plaintiffs Cascadia Wildlands, Benton Forest Coalition, and The Center for Biological Diversity filed a complaint seeking declaratory and injunctive relief under the Administrative Procedure Act (APA), 5 U.S.C. §701 *et seq,* for alleged violations of the Federal Land Policy and Management Act (FLPMA), 43 U.S.C. §§ 302 *et seq.*  Plaintiffs argue that the BLM violated the FLPMA by failing to comply with the Salem District Record of Decision and Resource Management Plan (RMP), amended by the Northwest Forest Plan (NFP), in planning and executing the Rickard Creek timber sale.  Further, plaintiffs stress that the BLM has failed to comply with the NFP's "Survey and Manage" program, which requires the agency to manage the site in accordance with the Management Recommendations developed by the BLM and Forest Service if surveys reveal the presence of certain species.

Plaintiffs claim that the Rickard Creek sale encompasses habitat of an arboreal mammal known as the red tree vole.  The

2   - OPINION AND ORDER

BLM promulgates Red Tree Vole Management Recommendations, which designate the red tree vole as a Survey and Manage Species requiring a 10-acre minimum Habitat Area and a 100-meter "buffer" around active red tree vole nesting sites; if the number of nests increases, the size of the Habitat Area does as well. Further, plaintiffs claim the vole is designated as a Candidate Species and a Bureau Sensitive Species (BSS), and the BLM's decision to allow logging of red tree vole habitat generally, and designated individual nest trees specifically, increases the likelihood that the vole's status will progress from BSS to Endangered. Thus, plaintiffs claim that the BLM's actions violate the NFP, the RMP, and the FLPMA and seek to enjoin all involved parties from proceeding with the Rickard Creek sale.

The BLM maintains that its decision to allow logging in the Rickard Creek areas and its determination that the project area is a non-high priority site for red tree voles was proper. Seneca asserts that it has a protectable interest in harvesting the Rickard Creek sale timber which is at risk pending the outcome of this lawsuit, and therefore seeks to intervene.

## II. DISCUSSION

Seneca seeks to intervene as a matter of right under Federal Rule of Civil Procedure 24(a). Alternatively, Seneca seeks permissive intervention pursuant to Federal Rule of Civil Procedure 24(b).

3   - OPINION AND ORDER

To intervene by right, the applicant must demonstrate that the following four criteria have been met: (1) the motion to intervene was made in a timely manner; (2) the applicant holds a "significantly protectable interest" in the property or transaction constituting the subject matter of the action; (3) the applicant is situated in such a way that the outcome of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest is not already represented by the current parties to a litigation. Wilderness Soc'y v. United States Forest Service, 630 F.3d 1173, 1177(9th Cir. 2011)(en banc) (citing Sierra Club v. EPA, 995 F.2d 1478, 1481 (9th Cir. 1993). The party seeking to intervene bears the burden of demonstrating that each of the four intervention requirements are met. United States v. Alisal Water Corp., 370 F.3d 915, 919 (9th Cir. 2004); Freedom From Religion Found., Inc. V. Geithner, 644 F.3d 836, 841 (9th Cir. 2011). Plaintiffs do not oppose Seneca's proposed intervention.

A.  Seneca's Motion Was Timely Filed

Seneca's motion was filed on November 29, 2012. No substantive proceedings have occurred nor have the parties engaged in discovery, and Seneca agrees to comply with the briefing schedule. Further, the timing of the intervention will not prejudice other parties. Accordingly, Seneca's motion to intervene is timely within the meaning of Rule 24.

B.  Seneca Has a Significant Protectable Interest

The Ninth Circuit utilizes a two-part test to determine if a
party seeking to intervene possesses a significant protectable
interest.  First, the proposed intervenor must have a legally
protectable interest; second, there must be some nexus or
relationship between that legally protectable interest and the
action into which intervention is sought.  Wilderness Soc'y, 630
F.3d at 1176.  This two-part test is "primarily a practical guide
to disposing of lawsuits by involving as many apparently
concerned persons as is compatible with efficiency and due
process."  Cnty. Of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir.
1980) (quoting Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir.
1967)).  If an applicant will suffer a practical impairment of
its interest as a result of the litigation, the applicant will
likely be allowed to intervene.  Wilderness Soc'y, 630 F.3d at
1180.

Seneca asserts that it has an interest related to the
plaintiffs' claims that may be practically impaired by the
outcome of the current action.  As the high bidder for the
Rickard Creek sale, Seneca argues that it has obtained a legally
protectable interest in the timber that could be adversely
affected by plaintiffs' claims for declaratory and injunctive
relief.

Although the BLM does not oppose Seneca's motion, it

emphasizes that Seneca has not been formally awarded the
contract.  Further, BLM argues that Seneca's situation is
distinguishable from that of the proposed intervenor in <u>Cascadia</u>
<u>Wildlands v. BLM</u>, Civ. No. 6:12-cv-95-AA (D. Or. Apr. 25, 2012),
where the court granted intervention by right to a timber company
that had purchased a timber sale.

Here, the fact that no contract has yet been awarded to
Seneca is immaterial, and even if Seneca has not "purchased" the
sale, it is the highest bidder.  Thus, Seneca's interests in the
Rickard Creek sale exceed the purely "prospective" economic
expectations required to give rise to a protectable interest.
<u>Alisal</u>, 370 F.3d at 920.  "[I]t is generally enough that the
interest is protectable under some law, and that there is a
relationship between the legally protected interest and the
claims at issue." <u>Sierra Club</u>, 995 F.2d at 1484.  Seneca's
interests are legally enforceable under principles of contract
law; an implied-in-fact contract which is yet to be awarded still
vests the bidding party with enforceable contract rights.
<u>Prineville Sawmill Company, Inc. V. United States</u>, 859 F.2d 905,
909 (Fed. Cir. 1988).  Seneca has lodged the high bid for the
Rickard Creek sale and thus has an interest in the timber. If
plaintiffs prevail in this action and the BLM creates buffers
within the sale, the amount of harvestable timber will be
diminished.  Thus, Seneca has a significant protectable interest

and meets the second prong of the intervention-by-right test.

C.   Seneca's Interests Could Be Impeded or Impaired

The third prong is whether the legally protected interest will be practically impeded or impaired by the outcome of the litigation.  I find that Seneca's significant protectable interest could be impeded or impaired if plaintiffs prevail in this action, in that the creation and implementation of buffers likely would reduce the amount of timber that Seneca is able to harvest.  Accordingly, Seneca meets the third prong of the intervention by right test.

D.   The BLM Does Not Adequately Represent Seneca's Interests

Fourth, Seneca must demonstrate that BLM fails to adequately represent its interests in this litigation.  The standard for showing inadequate representation is a minimal one; the Supreme Court has held that "[t]he requirement of the Rule is satisfied if the applicant shows that representation of his interests 'may be' inadequate."  Trbovich v. United Mine Workers, 404 U.S. 528, 538 n.10 (1972).  To determine adequacy, the a court looks at three factors: "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect."  Citizens for Balanced Use v. Mont.

Wilderness Assoc., 647 F.3d 893, 898 (9th Cir. 2011) (quoting
Arakaki v. Cayetano, 324 F.3d 1078, 1086 (9th Cir. 2003)).  "The
'most important factor' in assessing the adequacy of
representation is 'how the interest compares with the interests
of existing parties.'" Id. (quoting Arakaki, 324 F.3d at 1086).
Where parties have the same ultimate objective, a presumption of
adequate representation arises which requires a compelling
showing of inadequacy to rebut.  Id.  The same presumption arises
when a government agency is acting on behalf of a constituency it
represents.  Id.

    BLM and Seneca both share the same ultimate objective: a
ruling that BLM did not violate FLPMA.  However, I do not find
this fact dispositive in terms of demonstrating adequate
representation in this case, as Seneca provides persuasive
argument that its interests will not be sufficiently represented
by BLM in this lawsuit.  BLM is an administrative agency charged
with representing a broad array of public interests, while Seneca
is a family-run private business concerned with continuing to run
its operation in a profitable and efficient manner.  In Sierra
Club v. Epsy, the Fifth Circuit found this to be enough of a
discrepancy in interests to allow intervention, even when the
government agency and lumber companies shared the same ultimate
objective.  18 F.3d 1202, 1208 (5th Cir. 1994).

    The Ninth Circuit followed similar logic in Forest

8  - OPINION AND ORDER

Conservation Council v. U.S. Forest Service, 66 F.3d 1489 (9th Cir. 1995) (overruled on other grounds by Wilderness Soc'y, 630 F.3d at 1180). There, the court noted that "'inadequate representation is most likely to be found when the applicant asserts a personal interest that does not belong to the general public.'" Id. at 1499 (quoting 3B Moore's Federal Practice, ¶ 24.07[4] at 24-78 (2ed. 1995)). Seneca has a personal interest in the Rickard Creek sale and its timber that the BLM does not. In sum, Seneca's personal stake is not adequately represented by BLM in this action.

    E.   Limitations on Seneca's Intervention

    The court is empowered to limit the scope of Seneca's involvement so as to not prejudice plaintiffs or BLM. Stringfellow v. Concerned Neighbors in Action, 480 U.S. 370, 383 (1987) (Brennan, J., concurring) ("[R]estrictions on participation may also be placed on an intervenor of right.") The Ninth Circuit has noted that "the district court must retain flexibility when ruling on intervention applications." Sagebrush Rebellion, Inc. V. Watt, 713 F.2d 525, 531 (9th Cir. 1983).

    In this vein, the BLM requests that this court place five limitations on Seneca's involvement. First, that Seneca not be permitted to seek discovery or supplement the administrative record. Second, that Seneca not cause delay in any briefing schedule once set. Third, in the event of any briefing or

9  - OPINION AND ORDER

argument, that Seneca not be permitted to file a brief until at least seven days have passed since BLM files its own, that any Seneca brief be limited to issues not raised by BLM, and that any brief filed by Seneca not exceed fifteen pages. Fourth, BLM requests that each party bear its own costs and fees arising from Seneca's participation. Fifth and finally, BLM asks that in the event the court establishes time limits on any oral argument, Seneca receive argument time limits separate from those established for BLM.

To ensure that Seneca's participation does not prejudice either the BLM or the plaintiffs, Seneca is barred from conducting discovery. Regarding Seneca's ability to supplement the administrative record, the court will address that matter if and when it arises. Likewise, costs and attorney's fees will be addressed by the court at the appropriate time. Further, the court declines to limit or prevent Seneca from making any argument, though it expects Seneca to fully comply with the court's briefing schedule. Finally, Seneca and the BLM shall receive separate time limits for oral argument should such limits be imposed.

### III. CONCLUSION

Seneca has met the four requirements of intervention by right pursuant to Federal Rule of Civil Procedure 24(a). The motion was timely filed; Seneca has a significantly protectable

10 - OPINION AND ORDER

interest in the timber sale that may be impaired or impeded by
this litigation; and Seneca's protectable interest will not be
adequately represented by the BLM.  Accordingly, Seneca's motion
to intervene as a matter of right (doc. 8) is GRANTED.  Seneca
may not conduct discovery and must comply with the current
briefing schedule.

IT IS SO ORDERED.

      Dated this ___12___ day of February, 2013.


                        _____
                               Ann Aiken
                        United States District Judge


11  - OPINION AND ORDER